UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BELMA JEAN DOVER, | Case No. 3:21-cv-00450-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| GEICO CASUALTY COMPANY, | |
| Defendant. | |

**I.   SUMMARY**

Plaintiff Belma Jean Dover sued her car insurance company, Defendant Geico Casualty Company, to recover her policy limit of $25,000 under an underinsured motorist policy ("UIM Policy") to cover medical expenses she expects to incur in the future following a car accident where the other driver was at fault. (ECF No. 10.) She also brings claims for breach of the covenant of good faith and fair dealing and violation of Nevada's Unfair Claims Practices Act. (*Id.* at 3-5.) Before the Court are three motions: (1) Dover's motion to remand arguing Defendant failed to meet its preponderance burden to show the amount in controversy requirement is satisfied (ECF No. 13);[1] (2) Dover's motion for her attorneys' fees and costs incurred in bringing the motion to remand (ECF No. 16);[2] and (3) Defendant's motion to dismiss Dover's noncontractual claims (ECF No. 18).[3] As further explained below, the Court will grant the motion to remand because Defendant has not met its preponderance burden to show the amount in controversy requirement is satisfied,

---

[1] Defendant filed a response (ECF No. 19) and Dover filed a reply (ECF No. 24).

[2] Defendant filed a response (ECF No. 20) and Dover filed a reply (ECF No. 23).

[3] Dover filed a response (ECF No. 21) and Defendant filed a reply (ECF No. 28).

but deny the fees' motion because the Court does not find Defendant's decision to remove this case frivolous, and deny Defendant's motion to dismiss as moot.

## II.     BACKGROUND

The following allegations are adapted from the operative Complaint. (ECF No. 10.) Dover was covered under an insurance policy with Defendant. (*Id.* at 2.) She was injured in a car accident. (*Id.* at 2-3.) She received a settlement of $25,000 from the adverse driver's insurance. (*Id.* at 3.) She made a settlement demand to Defendant for her UIM policy limit of $25,000. (*Id.*) At that time, she had incurred medical expenses from the accident totaling $16,690.57. (*Id.*) Dover's treating physician had also opined by that time that she will need ongoing medical treatment for her injuries costing between $3,000 and $10,000 per year for the foreseeable future.[4] (*Id.*)

However, Defendant only offered her $2,500 without explaining its reasoning and without considering her need for ongoing medical care. (*Id.*)

Dover accordingly alleges that Defendant failed to pay her benefits due under the applicable policy, and thus alleges breach of contract. (*Id.*) For the same reasons, Dover alleges that Defendant violated sections (e), (f), (g), and (n) of Nevada's Unfair Claims Practices Act. (*Id.* at 3-4 ("Bad Faith Claim").) As her third cause of action, Dover alleges that Defendant violated the implied covenant of good faith and fair dealing in her insurance policy by denying her benefits due under the policy without considering the future care recommendations of her treating physician. (*Id.* at 4-5.)

Dover seeks damages in excess of $15,000, including punitive damages, for her Bad Faith Claim and breach of the implied covenant claim. (*Id.*) In the prayer for relief section of her Complaint, Dover states that she seeks in excess of $15,000 for both general and special damages, along with her attorneys' fees and costs. (*Id.* at 5.)

Defendant proffered a copy of the settlement demand letter Dover sent Defendant as an exhibit to its response to her motion to remand. (ECF No. 19-1.) The parties did not

---

[4]Dover attached a copy of the letter from her doctor as an exhibit to her Complaint. (ECF No. 10-1.)

2

otherwise submit any evidence in connection with their motion to remand briefing. In the letter Defendant proffered, Dover presents a settlement demand of $280,488.57. (*Id.* at 2.) However, this sentence follows the initial demand: "If this amount exceeds your insured's available policy limits, please consider this a policy limits demand." (*Id.*) Dover's letter proceeds to describe the accident, her insurance policy, the damage suffered by her car, and the medical treatment she has received to that date because of the accident. (*Id.* at 2-5.) Dover then summarizes the medical expenses she had incurred to that date, stating they totaled $10,188.57. (*Id.* at 6.) Dover next estimates the total future medical expenses she will incur at $95,300. (*Id.*) Dover proceeds to estimate that she is owed an additional $200,000 for lifestyle impacts/loss of activities as a result of the accident. (*Id.* at 6-7.) Dover then notes that the adverse driver's insurer accepted liability and paid her $25,000, which was also the other driver's policy limit. (*Id.* at 7.)

Dover concludes her letter by reiterating her demand for $280,488.57 and follows that demand with this sentence: "If this amount exceeds your insured's policy limits and any applicable excess policies, please provide the declaration page." (*Id.* at 7.) Defendant does not appear to dispute Dover's allegation that the applicable policy's UIM policy limit is $25,000. (ECF No. 19 at 11.)

**III.    LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See* U.S. Const. art. III, § 2, cl. 1; *see also, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit at commencement of the action. *See* 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)

(emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). Where it is not facially evident from the complaint that $75,000 was in controversy at the time of removal, a defendant seeking removal must prove, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Under a preponderance of the evidence standard, a removing defendant must "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Id.* at 1117 (citations omitted). As to the kind of evidence that may be considered, the Ninth Circuit has adopted the "practice of considering facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Conclusory allegations are insufficient. *See Matheson*, 319 F.3d at 1090 (citation omitted).

**IV.    DISCUSSION**

The Court first addresses Dover's motion to remand, and then her fees' motion. Because the Court will grant the motion to remand, Defendant's motion to dismiss is denied as moot.

**A.    Motion to Remand**

Dover does not request a specific amount in damages in the Complaint, instead alleging both general and special damages in excess of $15,000. (*See generally* ECF No. 10.) Thus, Defendant must show, by a preponderance of the evidence, that the amount in

4

controversy requirement is satisfied.[5] *See Valdez*, 372 F.3d at 1117. Defendant has not made this showing.

The only summary-judgment-type evidence that Defendant proffers to support its assertion that the amount in controversy is satisfied is Dover's settlement demand letter. (ECF Nos. 19, 19-1.) "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citation omitted). However, Defendant neglects to mention the crucial limiting sentence in the demand letter, "[i]f this amount exceeds your insured's available policy limits, please consider this a policy limits demand." (ECF No. 19-1 at 2; *see also* ECF No. 19 (neglecting to mention the sentence).) This omission is curious because Defendant otherwise does not dispute that the applicable policy limit is $25,000. (ECF No. 19 at 11; *see also* ECF No. 10 at 3 (alleging the policy limit is $25,000).) Thus, despite the other numbers presented in the letter, Dover's demand as stated in the evidence Defendant itself presented is $25,000. *See Fox v. Colorado Cas. Ins. Co.*, Case No. 2:12-cv-01591-RCJ, 2013 WL 1104768, at *2 (D. Nev. Mar. 12, 2013) (using the policy limit as the amount in controversy where the plaintiff made a policy limit demand but denying a motion to remand because the applicable policy limit was $100,000); *see also* Wright and Miller, *§ 3710 Amount in Controversy in Particular Cases—Installment and Insurance Contracts*, 14AA Fed. Prac. & Proc. Juris. § 3710 (4th ed. Updated April 2021) ("if the claim exceeds the policy limits, the maximum limit of the insurer's liability under the policy for the particular claim is the measure for determining whether the statutorily required amount in controversy is satisfied.") (footnote omitted).

Moreover, the demand letter only documented expenses of $10,188.57 and noted that Dover had already received $25,000 from the other driver's insurance. (ECF No. 19-1 at 6-7). While it is reasonable to infer that Dover would incur additional medical expenses

---

[5]Neither party disputes they are diverse, which is the other requirement of diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

5

because of the accident in view of the letter from her doctor (ECF No. 10-1), the doctor estimates those expenses at between $3,000 and $10,000 per year for the foreseeable future (*id.* at 2). Thus, it would take Dover years to incur $75,000 in medical expenses, particularly if the Court were to count the $25,000 she already received against her. In other words, while the demand letter seeks some $280,000, the letter would not be particularly strong evidence that the amount in controversy requirement is satisfied here even if the Court sets aside the key sentence limiting Dover's demand to $25,000. *See Browne v. Connor*, Case No. 2:15-cv-1868-JAD-PAL, 2016 WL 8730562, at *1-*3 (D. Nev. Feb. 5, 2016) (remanding case despite the plaintiff having sent a $175,000 demand letter where the plaintiff's "only documented damage is $17,000 in medical expenses"); *see also Gonzalez v. Adams*, Case No. 2:16-cv-00196-APG-VCF, 2016 WL 1091091, at *2 (D. Nev. Mar. 21, 2016) (remanding case because in part because settlement demand was admittedly inflated beyond actual medical expenses).

Thus, the only summary-judgment-type evidence that Defendant proffered in response to the motion to remand does not satisfy Defendant's preponderance burden to show the amount in controversy requirement is satisfied. The Court accordingly finds that Defendant has not met its evidentiary burden. And "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

That leaves Defendant's arguments based on Dover's allegations in her Complaint. These arguments, too, fail to persuade the Court that the amount in controversy requirement is satisfied. (ECF No. 19 at 6-7.) Defendant first argues that Dover seeks in excess of $15,000 on each of her three claims, and then concludes the amount in controversy must be more than $75,000 if one also adds punitive damages and attorneys' fees. (*Id.*) "But Geico's burden is not merely to hypothesize to a threshold-satisfying recovery; as the removing party, Geico must prove that a threshold-beating recovery of punitive damages is more likely than not." *Casas v. Geico Indem. Co.*, Case No. 2:13-cv-1567-JAD-CWH, 2013 WL 6284152, at *2 (D. Nev. Dec. 4, 2013) (citation omitted).

Defendant makes no such showing here. Indeed, and contrary to Defendant's argument, because the Court reasonably concludes that Dover seeks $25,000 (the policy limit) on her breach of contract claim, *see supra*, adding $15,000 for each of the other two claims (the amounts actually mentioned in the Complaint) gets the Court to $55,000. (ECF No. 10.) Defendant then makes an unsupported leap, asking the Court to assume that punitive damages and attorneys' fees will total over $20,000 and thus the amount in controversy is satisfied. (ECF No. 19 at 6-7.) As mentioned, Defendant's conclusory, unsupported reasoning does not show the Court that it is more likely than not the amount in controversy requirement is satisfied.

Defendant also points to jury verdicts from other cases to argue that that the amount in controversy is satisfied here. (ECF No. 19 at 7-9.) But "Geico offers zero analysis as to why a similar award should be anticipated under the facts of this case." *Casas*, 2013 WL 6284152, at *2. Accordingly, while jury verdicts in analogous cases can serve as useful evidence of the amount in controversy, they do not here because Defendant simply failed to perform the requisite analysis to show the jury verdicts Defendant mentions are analogous to the facts of this case. For example, the Court was unable to locate Defendant's first citation to *Helms* on the Westlaw database. (ECF No. 19 at 7.) Defendant next relies on, "*Brooks v. Hilton Casinos, Inc.*, 1989 WL 1179516 (D. Nev. 1989) (awarding plaintiff $1,602,882 for breach of contract and bad faith claims)." (ECF No. 19 at 7.) This reference brings the Court to a summary of a jury verdict from 1989 in a multi-plaintiff employment discrimination case. *See Brooks*, 1989 WL 1179516. Defendant's next citation is to a summary of a jury verdict in a case that a 61 year old male brought against his disability insurance provider after the provider refused coverage. (ECF No. 19 at 7-8 (citing *Merrick v. Paul Revere Ins. Co.*, 2004 WL 4191531 (D. Nev. 2004).) Defendant then cites (*id.* at 8) a summary of a jury verdict in a case where a "36-year-old male claimed that he suffered emotional distress when the defendant insurance company attempted to implicate him in the burglary of his own home." *Hires v. Republic Ins. Co.*, 1988 WL 366239

(D. Nev. 1988). Needless to say, the cases in which these verdicts were apparently reached are not analogous to the facts of this case.

Defendant finally argues in pertinent part that the Court should count Dover's requested attorneys' fees towards the amount in controversy but does not even guess how much those fees might be, much less attempt to add that amount to any other sums properly included in the amount in controversy to show by a preponderance of the evidence that the amount in controversy requirement is satisfied. (ECF No. 19 at 9-10.) In sum, Defendant simply failed to meet its burden when it responded to Dover's motion to remand. The Court will grant the motion to remand and deny Defendant's pending motion to dismiss as moot.

### B. Fees Motion

Dover also requests her attorneys' fees and costs incurred in obtaining this remand order under 28 U.S.C. § 1447(c) but did not include an application detailing the time she spent and the costs she incurred in her request. (ECF No. 16 at 6-7.) She explains she wants to see if the Court will grant her request first. (*Id.*) This is not the Court's preferred approach—indeed, it does not comply with the pertinent Local Rule. *See* LR 54-14; *see also Herrera v. Toyota Motor Sales, U.S.A.*, Case No. 2:10-cv-924-JCM-NJK, 2013 WL 1182099, at *3 (D. Nev. Mar. 18, 2013) (declining to award attorneys' fees on successful motion to remand in part because the moving party did not include "an itemized statement regarding its attorneys' fees and costs.").

In any event, the Court declines to award fees and costs. 28 U.S.C. § 1447(c) provides: "[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (emphasis added). Fees awards under Section 1447(c) are left to the Court's discretion and should be denied when an objectively reasonable basis for removal exists. *See Casas*, 2013 WL 6284152, at *3 (first citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005), and then citing *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995)).

Like Judge Dorsey found in *Casas*, Defendant's failure to meet its burden to show the Court has jurisdiction over this case "was a failure of degree, not categorically frivolous." *Id.* at *3. The Court finds that Defendant had an objectively reasonable basis for seeking removal and therefore denies Dover's request for attorneys' fees and costs.

## V.     CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Dover's motion to remand (ECF No. 13) is granted. This action is remanded to the Fourth Judicial District Court in and for the County of Elko.

It is further ordered that Dover's motion for attorneys' fees (ECF No. 16) is denied.

It is further ordered that Defendant GEICO Casualty Company's motion to dismiss (ECF No. 18) is denied as moot.

The Clerk of Court is directed to close this case.

DATED THIS 17th Day of March 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE